## EVANS v. UNITED STATES.

### No. 5695.

Circuit Court of Appeals, Seventh Circuit.

May 2, 1936.

George W. Dowell, of DuQuoin, Ill., and Frank C. Smith, of East St. Louis, Ill., for appellant.

Arthur Roe, U. S. Atty., of Vandalia, Ill., Joseph A. Troy, Jr., Asst. U. S. Atty., of East St. Louis, Ill., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the

Atty. Gen., and J. Gregory Bruce, of Washington, D. C.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Appellant, a soldier of the World War, sues to enforce the terms of a contract of insurance with his government. He enlisted April 27, 1918, and was discharged February 15, 1919, and it is conceded that in order to recover he must establish that he became totally and permanently disabled, within the meaning of the contract, prior to its lapse on March 31, 1919. Pursuant to the terms of the War Risk Insurance Act and the regulations of the Treasury Department, appellant must show an impairment of mind or body which renders it impossible for him to follow continuously any substantially gainful occupation, and such disability must be founded upon conditions which render it reasonably certain that it will continue throughout the life of the insured.

The legal principles governing the enforcement of war risk insurance contracts have been often stated and are too well known to require repetition. Each case must rest on its own facts, and the decision of one cannot be an unfaltering guide in the consideration of another.

At the close of all the evidence, the trial court directed a verdict for defendant, which raises the somewhat narrow question of whether there was any substantial evidence, viewed in the light most favorable to appellant, that should have been submitted to the jury.

It would be of little value to enter upon a detailed discussion of the evidence in the record, yet the impaired physical condition of the soldier, which it is fairly disclosed was brought about by being "gassed" in the closing days of the war and while he lay asleep in obedience to orders that he be prepared to "go over the top" at 1 o'clock the following morning, invites our tenderest consideration of his contentions as disclosed by the record. This we have meticulously done, and the undisputed facts disclose a work record in the mines between the years 1919 and 1924 not ordinarily surpassed by the average miner. Appellant earned during that period more than $3,500, and the years following became a part owner of a dairy and aided in the operation of the same. We think it fair to assume that he worked not less than one-third of that time, and this was frankly conceded by counsel on the oral argument. It is probably true that such work at times was performed with discomfort due to his ailing condition, and he is deserving of commendation in his effort to earn an honest livelihood for himself and family; yet no court, charged with the duty of finding the facts, would in the face of this evidence be justified in finding total disability. It should not be lost sight of that the court can only be concerned with the enforcement of a contract, and cannot be led afield by any asserted duty that the government may owe its disabled veterans and which it has undertaken to meet through other legislation.

A careful inspection of the record convinces us that there was no substantial evidence of total disability, and the action of the District Court in directing a verdict for defendant was fully justified.

Counsel for appellant was apprehensive lest the court attach too great importance to the failure of the soldier to fully advise the doctors of his physical condition at the time of his discharge. It is fair to say that in reaching our conclusion we have given no consideration to this failure on the part of the soldier. While not approving any misrepresentation of fact, the provocation confronting the soldier on that occasion was great.

The judgment is affirmed.